UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN HENRY FREDERICK,

    Plaintiff,

v.                                           Case No. 4:20cv219-AW-HTC

WAKULLA CORR. INST.
ADMINISTRATION & STAFF,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a prisoner proceeding *pro se*, initiated this action on April 28, 2020 by filing a complaint purporting to state claims under 42 U.S.C. § 1983. ECF Doc. 1. The complaint was not on the proper Court forms and was not accompanied by the filing fee, as required. *See* N.D. Fla. Loc. Rs. 5.3, 5.7(A). The complaint has been referred to the undersigned for preliminary screening under 28 U.S.C. § 1915A. As discussed herein, the undersigned respectfully recommends that this action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to pay the filing fee at the time he initiated this action despite his status as a three-striker under 28 U.S.C. § 1915(g).

    Plaintiff is no stranger to the Court. He is a prolific filer, having filed at least fourteen (14) cases with this Court, twelve (12) of which have resulted in a

dismissal.[1] Indeed, the undersigned was the assigned magistrate judge in four (4) of these cases, three (3) of which were dismissed because Plaintiff is a three-striker and failed to pay the filing fee. *See Frederick v. Wakulla C.I. Admin. and Elaine McIntosh,* 4:18-cv-549-MW-HTC; *Frederick v. Wakulla C.I., et al.*, 4:19-cv-333-AW-HTC; *Frederick v. Kever*, 4:19cv337-MW-HTC. Thus, Plaintiff has been told multiple times that he is barred from proceeding *in forma pauperis*. Nonetheless, with complete disregard for the Court's prior orders, Plaintiff filed the instant action without the payment of the filing fee.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, a prisoner is prohibited from proceeding *in forma pauperis* if he has had at least three (3) prior cases filed while he was a prisoner dismissed for failure to state a cause of action or as frivolous or malicious. Specifically, the statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The remaining two (2) cases, 4:20cv204 and 420cv218, have been recommended for dismissal by the assigned magistrate judge and are awaiting review by the respective district judge. Additionally, the Court did not do an exhaustive search of other districts to see if Plaintiff has filed any other cases that have been dismissed, as that is not necessary for the purposes of this order given the number of dismissals located in this district.

Case No. 4:20cv219-AW-HTC

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Although Plaintiff did not use this Court's approved forms for his complaint and, thus, did not identify his litigation history, the Court takes judicial notice of the following actions filed by Plaintiff, under his name and bearing his Florida Department of Corrections ("FDOC") inmate number, R17753:

> *Frederick v. State of Fla. Judges*, 6:17cv342-GKS-GJK, ECF Doc. 4 (M.D. Fla. Mar. 8, 2017) (dismissed for failure to state a claim)
>
> *Frederick v. Dalton*, 6:17cv349-PGB-KRS, ECF Doc. 3 (M.D. Fla. Mar. 10, 2017) (dismissed for failure to state a claim)
>
> *Frederick v. Bondi*, 6:18cv694-GAP-GJK, ECF Doc. 9 (M.D. Fla. Jun. 25, 2018) (dismissed for failure to state a claim)

*Frederick v. Wakulla Corr. Inst.*, 4:18cv482-WS-CJK, ECF Doc. 18 (N.D. Fla. Mar. 26, 2019) (dismissed as malicious)

*Frederick v. Wakulla CI Med. Admin. Dep't*, 4:18cv408-RH-MJF, ECF Doc. 24 (N.D. Fla. Jun. 12, 2019) (dismissed as malicious)

*Frederick v. Kever*, 4:19cv337-MW-HTC, ECF Doc. 9 (N.D. Fla. Sept. 9, 2019) (dismissed because of three-striker status)

*Frederick v. Wakulla C.I. Admin. and Elaine McIntosh,* 4:18-cv-549-MW-HTC, ECF Doc. 30 (N.D. Fla. Sept. 17, 2019) (dismissed because of three-striker status)

*Frederick v. Chunn*, 4:19cv334-MW-CAS, ECF Doc. 9 (N.D Fla. Oct. 24, 2019) (dismissed because of three-striker status)

*Frederick v. Wakulla C.I., et al.*, 4:19cv333-AW-HTC, ECF Doc. 7 (N.D. Fla. Nov. 14, 2019) (dismissed because of three-striker status)

*Frederick v. Inch*, 4:19cv332-AW-CAS, ECF Doc. 9 (N.D. Fla. Nov. 14, 2019) (dismissed because of three-striker status)

Each of these cases was filed prior to the instant action and dismissed prior to the instant action being filed. Additionally, each of these cases constitutes a strike under the PLRA. Plaintiff, thus, cannot litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*.

Plaintiff's allegations, however, do not make that showing. Plaintiff is an inmate of the FDOC currently confined at Wakulla Correctional Institution. His complaint names "Wakulla Correctional Institution Administration & Staff Workers" as the sole defendants. ECF Doc. 1 at 1. Plaintiff alleges: (1) he cannot

Case No. 4:20cv219-AW-HTC

file grievances because he "might get spread or even injured, or even locked up on the house somewhere to get abused"; (2) when inmates seek answers on why officials "do what they do in prison against inmates safety . . . the inmates have to worry about being put away, injured by staff or other inmates"; (3) "all 65 to 70 inmates" were forced into a "36 capacity day room area, [with] no mask"; (4) he is exposed to an unsafe environment because "COVID-19 is spreading from prison to prison, and administration officials are bring[ing] COVID-19 infection into the[] prison systems"; and (5) he wants injunctive relief for physician MRI treatments, and "medications, x-rays, and any other needed cares that [Plaintiff] is required to have by professional outside doctor." ECF Doc. 1 at 1-3.

These allegations are conclusory and vague and do not show that he is in imminent danger of serious physical injury. *See Jemison v. White*, No. 2012 WL 3028061, at *2 (S.D. Ala. June 18, 2012), *report and recommendation adopted*, 2012 WL 3023491 (S.D. Ala. July 24, 2012) (holding conclusory allegations challenging conditions of confinement do not warrant relief under the imminent danger exception). Indeed, Plaintiff's general assertions about *possible* abuse *if* he files a grievance or *if* he seeks answers about official misconduct are speculative and do not show that he is in imminent danger. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner must present "imminent danger of serious physical injury" to circumvent application of the three-strikes bar).

Moreover, several courts have held that general allegations regarding potential COVID-19 exposure are insufficient to establish imminent danger. *See e.g., Jones v. Douglas Cty. Jail*, 2020 WL 1492703, at *1 (D. Kan. Mar. 27, 2020) (holding plaintiff did not meet imminent danger requirement, despite prison officials' failure to respond to inmate grievances requesting masks and another inmate's exposure to COVID-19), *reconsideration denied*, 2020 WL 1686830 (D. Kan. Apr. 7, 2020); *Littlejohn v. Whitmer*, 2020 WL 1685310, at *3 (W.D. Mich. Apr. 7, 2020) (holding plaintiff did not fall within the imminent danger exception because "[t]he mere fact that Plaintiff is currently a prisoner . . . does not mean that he is at a high risk of contracting COVID-19"); *Johnson v. Wilcher*, No. 2020 WL 2064935, at *2 (S.D. Ga. Apr. 28, 2020) (holding plaintiff failed to meet the imminent danger exception despite allegations of heightened risk of exposure based on prison staff not "being housed on the premises" and Plaintiff's "proximity to other inmates that [had] tested positive for the disease and the failure of the Sheriff to provide masks, gloves, [or] disinfecting products").

Thus, because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this § 1983 action, this case should be dismissed under § 1915(g).

Accordingly, it is RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. The clerk close the file.

At Pensacola, Florida, this 13th day of May, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.